UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAFFIC JAM EVENTS, LLC, a limited liability company, and<br><br>DAVID J. JEANSONNE II, individually and as an officer of TRAFFIC JAM EVENTS, LLC,<br><br>    Defendants. | Civil Action No. 2:20-cv-1740<br><br>Judge:<br><br>Magistrate: |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. § 53(b).

**DEFENDANTS**

6. Defendant Traffic Jam Events, LLC is a Louisiana limited liability company with its principal place of business at 2232 Idaho Avenue, Kenner, LA 70062. Traffic Jam Events transacts or has transacted business in this District and throughout the United States. Traffic Jam Events offers direct mail marketing services and staffed tent sales events to automotive dealerships.

7. Defendant David J. Jeansonne II, is the owner, managing member, and president of Traffic Jam Events. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Traffic Jam Events, including the acts and practices set forth in this Complaint. Defendant Jeansonne resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

**COMMERCE**

8.      At all times material to this Complaint, Defendants Traffic Jam Events and Jeansonne (hereinafter Defendants or Traffic Jam Events) have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANTS' BUSINESS ACTIVITIES**

9.      Since at least March 2020, Defendants have mailed or caused to be mailed deceptive advertisements purporting to provide COVID-19 stimulus relief to consumers.

10.     The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, was enacted to provide immediate assistance to individuals, families, and businesses affected by the Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak.   The CARES Act provides a $1,200 stimulus payment to individuals and a $2,400 payment for married couples, with an additional $500 payment per qualifying child.   Relief begins phasing out when incomes exceed $75,000 for individual filers and $150,000 for joint filers.

11.     In addition to the monetary relief, the CARES Act provides deferrals on payments for federally-backed mortgages and federal student loans.   It does not provide relief relating to auto loans or auto-related financing.

**Traffic Jam Events' Deceptive Advertising**

12.     Traffic Jam Events has sought to lure individuals and families to auto sales events under the guise that valuable stimulus relief was available at designated locations for a short period of time.

13. For example, Traffic Jam Events solicited consumers to a Florida auto sale with a "TIME-SENSITIVE" mailer purporting to contain "IMPORTANT COVID-19 ECONOMIC STIMULUS DOCUMENTS."



A copy of the mailer envelope is attached as Exhibit A.

14. The notice contained in the mailer states at the top in bold: "URGENT: COVID-19 ECONOMIC AUTOMOTIVE STIMULUS PROGRAM RELIEF FUNDS AVAILABLE • ALL PAYMENTS DEFERRED FOR 120 DAYS." The notice header also includes a barcode with a notice number that claims to relate to "COVID-19 STIMULUS (INDIVIDUAL)" and a watermark depicting a likeness of the Great Seal of the United States.



A copy of the notice is attached as Exhibit B.

15. Below the header information, the notice claims in bold that "**[a] special COVID-19 Economic Automotive Stimulus Program with relief funds and other incentives will be held at 5925 SW 20th St., Bushnell, FL 33513**." A highlighted box touts specific relief similar to the CARES Act relief, including thousands in relief funds and payment deferrals.

16. The notice repeatedly describes the location as "relief headquarters," "your designated temporary 10-day site," and "designated local headquarters." In particular, the notice represents that consumers "must claim these stimulus incentives at your designated temporary 10-day site: 5925 SW 20th St., Bushnell, FL 33513."

17. The notice additionally purports to describe "Mandatory qualifications to receive Stimulus Relief Funds:"

5

> Mandatory qualifications to receive Stimulus Relief Funds:
> 1) Must be permanent U.S. resident.
> 2) Must have valid driver's license.
> 3) Annual Income cannot exceed $91,300.00.

18.     Defendants also have included a supposed check issued by "Stimulus Relief Program" with the memo field stating "COVID-19 AUTO STIMULUS" and a space to endorse the check on the back.



A copy of the purported check is attached as Exhibit C.

19.     In fact, Defendants are not providing important COVID-19 stimulus information or stimulus relief, including stimulus checks.   Additionally, Defendants are not affiliated or otherwise associated with, or approved by, the government, or otherwise permitted to use the Great Seal of the United States.

20.     Defendants have been the subject of prior law enforcement actions for using deceptive advertising campaigns, including two by the State of Kansas in 2010 and 2012 and another by the State of Indiana in 2018.   The Florida Attorney General also sued Defendants on April 23, 2020 over the Florida mailers, yet Defendants continue to provide advertising and marketing services to the automotive industry nationwide.

21. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission.

## VIOLATIONS OF THE FTC ACT

22. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

23. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I
### Misrepresentations Regarding COVID-19 Relief

24. In numerous instances in connection with the advertising, marketing, promotion, or offering for sale, or sale of auto vehicles, including through the means described in Paragraphs 12-18, Defendants have represented, directly or indirectly, expressly or by implication, that

   a) Consumers are receiving official COVID-19 stimulus information;

   b) Consumers are receiving COVID-19 stimulus relief, including stimulus checks; and

   c) Defendants are affiliated or otherwise associated with, or approved by, the government.

25. In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 24:

   a) Consumers are not receiving important COVID-19 stimulus information;

   b) Consumers are not receiving COVID-19 stimulus relief, including stimulus checks; and

  c)  Defendants are not affiliated or otherwise associated with, or approved by, the government.

26. Therefore, Defendants' representations as set forth in Paragraph 24 are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

27. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

28. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

  A. Award Plaintiff such preliminary injunctive and ancillary relief as may be

necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, a temporary and preliminary injunction;

      B.      Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

      C.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

      D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

      Respectfully submitted,

      ALDEN F. ABBOTT
      General Counsel

Dated: 6/16/2020       /s/ Sanya Shahrasbi
      SANYA SHAHRASBI
      (DC Bar No. 1671001)
      THOMAS J. WIDOR
      (DC Bar No. 490184)

      Federal Trade Commission
      600 Pennsylvania Ave., NW, CC-10232
      Washington, DC 20580
      (202) 326-2709 (Shahrasbi)
      (202) 326-3039 (Widor)
      sshahrasbi@ftc.gov
      twidor@ftc.gov