UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAFFIC JAM EVENTS, LLC, a limited liability company, and<br><br>DAVID J. JEANSONNE II, individually and as an officer of TRAFFIC JAM EVENTS, LLC,<br><br>    Defendants. | Civil Action No. 2:20-cv-1740<br><br>Judge: Wendy B. Vitter<br><br>Magistrate: Dana Douglas |

**[PROPOSED] TEMPORARY RESTRAINING ORDER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff, the Federal Trade Commission, has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order with other equitable relief, and an order to show cause why a preliminary injunction should not issue against Traffic Jam Events, LLC and David Jeansonne II ("Defendants").

**FINDINGS**

The Court, having considered the Complaint, the Motion for a Temporary Restraining Order, certification, declarations, supporting attachments and exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

      A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

      B.      There is good cause to believe that Defendants Traffic Jam Events, LLC and David J. Jeansonne II have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  As demonstrated by the declaration and additional documents filed by the FTC, the FTC has established a likelihood of success in showing that Defendants have misrepresented that (i) its mailers concern official COVID-19 stimulus information, (ii) consumers will receive stimulus relief, including checks, by visiting a designated site, and (iii) the mailers involve a stimulus program associated with, or approved by, the government.

      C.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act unless Defendants are restrained and enjoined by order of this Court.

      D.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order, and other equitable relief is in the public interest.

      E.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

      F.      No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A.  "**Corporate Defendant**" means Traffic Jam Events, LLC, a Louisiana limited liability company, and each of their subsidiaries, affiliates, successors, and assigns.

B.  "**Defendant(s)**" means Corporate Defendant and David J. Jeansonne II, individually and as an officer of Traffic Jam Events, LLC, individually, collectively, or in any combination.

C.  "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

D.  "**Individual Defendant**" means David J. Jeansonne II.

## ORDER

### I.   PROHIBITION ON MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any

goods or services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

 A. that consumers are receiving official government information, including, but not limited to, COVID-19 stimulus relief;

 B. that the consumer is receiving financial assistance or relief from the government or any other source; and

 C. any affiliation, association with, endorsement, sponsorship, or approval by any government.

## II. **PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

 A. Selling, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person or business that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

 B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person or business that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided further, however*, that Defendants must disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' assets.

### IV.     REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited

partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## V.     DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## VI.     EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff is granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3)

Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

      A.     Plaintiff may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

      B.     Plaintiff may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

      C.     Plaintiff may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

      D.     Plaintiff may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

      E.     Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

      F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a

meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

      G.      The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## VII.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any person or entity that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## VIII.    CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be sent by email to Thomas J. Widor, twidor@ftc.gov, and Sanya Shahrasbi, sshahrasbi@ftc.gov.

## IX.    PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court on the _____ day of _____, 2020, at _____.m, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, and imposing such additional relief as may be appropriate.

## X.     BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.     Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, declarations, or legal memoranda no later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order.  Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the order to show Cause hearing.  Provided that such affidavits, pleadings, motions, declarations, legal memoranda or oppositions must be served by email, and be received by the other party or parties no later than 5:00 p.m. CST on the appropriate dates set forth in this Section.

B.     An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court.  Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the order to show cause hearing.

Provided, however, that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. CST on the appropriate dates provided in this Section.

## XI.     **DURATION OF THE ORDER**

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

## XII.     **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.


SO ORDERED, this _____ day of _____, 2020, at _____.m.


                                                            _____
                                                            **United States District Judge**